SO ORDERED: June 19, 2013.



Robyn L. Moberly
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAROL ANN BRILEY ) | CASE NO. 12-14716-RLM-7A |
| ) | |
| Debtor ) | |

### ORDER ON TRUSTEE'S AMENDED MOTION FOR TURNOVER

This matter came before the Court for hearing on May 22, 2013 upon the Trustee's amended motion for turnover (the "Amended Motion") by the Debtor of her tax refund attributable to the American Opportunity Tax Credit. For the reasons stated below, the Court grants the Amended Motion.

### *Background*

The Debtor filed her chapter 7 case on December 21, 2012 (the "Petition Date"). The Trustee initially moved for turnover of (1) the pro rated portion of the Debtor's 2012 state and federal tax refunds which included a portion attributable to the American

1

Opportunity Tax Credit ("AOTC") as well as (2) 25% of the Debtor's wages earned but not paid as of the Petition Date (the "Wages"). The Debtor amended her Schedule C to claim the $2,000 AOTC refund and $1400 in Wages exempt. The Amended Motion seeks turnover of only the $2,000 AOTC refund, and the Trustee objects to the exemption claimed in it by the Debtor.

## *Discussion*

A discharge of one's debts in bankruptcy provides a debtor with a "fresh start" and "[e]xemptions promote the fresh start by granting the debtor adequate possessions with which to begin life anew". *In re VanMeter*, 137 B.R. 908, 918 (Bankr. N. D. Ind. 1992). The federal exemptions provided for in Section 522 of the Bankruptcy Code allow debtors to claim certain property as exempt, but Section 522(b)(2) authorizes states to "opt out" of the federal exemptions. Indiana is an "opt out" state and thus, the exemptions to which the Debtor here is entitled are under Indiana law.

A debtor's interest in a refund or a credit received or to be received under Section 32 of the Internal Revenue Code of 1986 (the federal earned income tax credit) is exempt under Indiana law. Ind Code §34-55-10-2(c)(11)(A). Section 32 of the Internal Revenue Code ("IRC") refers only to the earned income credit ("EIC") and no other credit. Section 25(A) of the IRC (26 U.S.C. §25A) provides for two different higher education tax credits - the "Hope Scholarship Credit" under Section 25(A)(b)) and the "Lifetime Learning Credit" under Section 25(A)(c). The "Hope Scholarship Credit" ("HSC") was renamed the "American Opportunity Tax Credit" for the tax years 2009-2017. (26 IRC §25(A)(I). The HSC was a "nonrefundable" tax credit, acting only as an offset to reduce a taxpayer's tax liability, and to the extent the credit exceeded

2

the tax liability, the tax liability was reduced to zero resulting in no refund. Nonetheless, this tax credit may have indirectly resulted in a refund to the taxpayer to the extent the taxpayer's prior payments or withholdings were in an amount greater than the tax liability after application of the HSC. But, the HSC was "nonrefundable" in that it directly and by itself was not recoverable as a refund. *In re Dever*, 250 B.R. 701, 706 (Bankr. D. Idaho, 2000). [1]

The AOTC expanded the scope of HSC. First, it permits a credit equal to 100% of the first $2,000 and 25% of the next $2,000 spent on qualified tuition and related expenses and is available for four years of post secondary education compared to 100% of the first $1,000 and two years of post secondary education under the HSC. Next, the AOTC phases out for single filers with modified adjusted gross income between $80,000 and $90,000 (compared to $40,000 and $50,000 under the HSC) and joint filers with modified adjusted gross income of $160,000 and $180,000 (compared to $80,000 and $100,000 under the HSC). Finally, 40% of the allowable AOTC is now refundable. 8 Mertens Law of Fed. Income Tax'n §32:39 (2013); *In re Gray*, 2013 WL 2452693 at *2 (Bankr. W. D. Mo., June 5, 2013).

The Debtor has claimed an exemption in the AOTC under Ind Code §34-55-10-2(c)(11)(A) which specifically refers only to the EIC - a refundable credit - under Section 32 of the IRC. Although both the AOTC and the EIC have "refundable" attributes,

---

[1] A "refundable" credit is one where, to the extent it exceeds a taxpayer's tax liability, it is considered an "overpayment" and thus, refunded to the taxpayer. The EIC is a refundable credit. For a thorough discussion of the interplay between "credits" and "payments" (which includes refundable credits such as federal withholding and the EIC) on IRS Form 1040, see *Cohen v. Borgman*, 698 F.3d 1255,1358-62 (10th Cir. 2012).

3

nothing in the statute provides for an exemption of the AOTC.  The Indiana exemption statute clearly is written in terms of IRC sections, and not in terms of whether a particular credit is "refundable"; it exempts a refund or credit under *Section 32* of the IRC with no corresponding exemption for a refund or credit under *Section 25A* of the IRC.  Presumably, had the Indiana Legislature wished to exempt the AOTC under Section 25A of the IRC, it knew how to do so.  It declined.

> Furthermore, the EIC and the AOTC serve very different purposes.  The EIC
>
> was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low income families hurt by rising food and energy prices.

*Sorenson v. Secretary of the Treasury of the United States*, 475 U.S. 851, 864, 106 S.Ct. 1600, 1609, 89 L.Ed.2d 855 (1986).  The primary purpose of the enactment of the EIC "was clearly to afford economic relief to low income heads of household who work for a living" *In re Searles,* 445 F.Supp. 749, 752 (D. Conn. 1978).  Conversely, the AOTC, or its predecessor, the HSC, was designed "as an incentive for any person, or dependent, considering post secondary job training and education".  *In re Crampton*, 249 B.R. 215, 217 (Bankr. D. Idaho, 2000).  Unlike the EIC which is specifically targeted to assist lower income families, the HSC was geared to "benefit a broad range of individuals and families incurring educational expenses, including many earning substantial incomes".  *Id*. at 218; *In re Wooldridge*, 393 B.R. 721, 727 (Bankr. D. Idaho, 2008); see also, *In re Arthur*, 2010 WL 4674450 at *4 (Bankr. S. D. Iowa, October 20, 2010) (HSC "was intended to encourage taxpayers' education generally" and not "to

help the poor") . The Indiana Legislature clearly provided an exemption for the EIC which is a credit made available to lower income families.  Even if Ind. Code §34-55-10-2(c)(11)(A) remotely could be interpreted as a "public assistance" exemption which is not limited to the EIC, the refund attributable to the AOTC would not qualify as it was not enacted solely to assist lower income families, but applies to families with substantial incomes.  The AOTC "encourages college attendance" and "is available to a far broader range of families" than that of the EIC, and therefore, has been held to not be exempt, even under more general "public assistance" exemption statutes in other states.  *Gray*, 2013 WL 2452693 at *2 (AOTC not exempt under Missouri's public assistance benefit exemption).

      Accordingly, the Trustee's objection to the Debtor's amended claim of exemptions is SUSTAINED and the Debtor's $2,000 exemption of the AOTC is DISALLOWED.   The Trustee's Amended Motion for turnover is GRANTED and the Debtor shall turn over to the Trustee the sum of $2,000 within thirty (30) days of the date of this order.

# # #

Distribution:
Steven J. Halbert, Attorney for the Debtor
Lucas Sayre, Attorney for Paul D. Gresk, Chapter 7 Trustee
Paul D. Gresk, Chapter 7 Trustee